## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARLA E. THEBEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-107 CAS |
| ) | |
| CITIMORTGAGE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on defendants' motion to compel arbitration and plaintiff's motion for leave to amend her complaint, and "Response and Objection to Defendant(s) Motion for Change of Venue," which the Court construes as a motion to remand. The parties oppose each other's motions and they are fully briefed. For the following reasons, the Court will grant plaintiff's motion for leave to amend her complaint, declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and will remand this matter to state court. Defendants' motion to compel arbitration will remain pending for resolution by the state court following remand.

**Facts and Procedural Background**

Plaintiff's petition alleges that her employment with defendant CitiMortgage, Inc. ("Citi") was terminated on February 28, 2013. Plaintiff filed this action in the Circuit Court of St. Charles County, Missouri, asserting that her termination violated the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Age Discrimination in Employment Act ("ADEA"), the Missouri Human Rights Act ("MHRA"), and the Missouri Equal Pay Act. Plaintiff also alleges harassment and retaliation. Named as defendants are Citi and

individuals Melodie Collin Leclare, Julia Maria Wood and Nate L. Blackstun (collectively referred to as "defendants").

Defendants removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims. On February 3, 2016, shortly after removal, defendants filed a motion to compel arbitration, which seeks to enforce Citi's Employment Arbitration policy, a copy of which is attached to the motion to compel arbitration. Under the express terms of the Employment Arbitration Policy, plaintiff and Citi mutually agreed to give up their right of access to the court system by submitting all future employment-related claims to binding arbitration. The Employment Arbitration Policy states that it applies to both plaintiff and Citi, making arbitration the required and exclusive forum for resolving employment-related disputes regardless of which party asserts a claim against the other. (See Ex. A to Mem. Supp. Mot. to Compel.)

In December 2007 and August 2009, plaintiff signed Citi's 2006 and 2009 Employee Handbook Receipt Forms, respectively, where she acknowledged she understood that Citi's Employment Arbitration Policy requires her to submit employment-related disputes to binding arbitration. (See Exs. B and C to Mem. Supp. Mot. to Compel.) Plaintiff also acknowledged receiving Citi's 2011 and 2013 U.S. Employee Handbooks on December 17, 2010 and December 17, 2012, respectively, again acknowledging that she understood she and Citi were required to submit employment-related disputes to binding arbitration in accordance with the Employment Arbitration Policy and Principles of Employment. (See Ex. D to Mem. Supp. Mot. to Compel.)

Plaintiff filed her opposition to the motion to compel arbitration on February 17, 2016, and on the same day filed a motion for leave to amend her complaint and a motion to remand the case to state court. Plaintiff's proposed amended complaint states that it is brought pursuant to the

2

MHRA, "Missouri Labor Laws § 290.010, et seq., and Missouri Public Policy, to correct various willful employment practices, policies, procedures and wrongful discharge implemented by the Defendants (collectively in part or in whole) that had violated the Plaintiff's rights protected by both State and Federal Statutes."  Amended Complaint ¶ 3.  In addition, footnote 1 of the Amended Complaint confusingly states, "By removing this action, Plaintiff does not waive her right from protection she may have under Federal Statutes (in part or in whole)."

Defendants oppose the motion for leave to amend, asserting there is no absolute right to amend pleadings under Rule 15 and arguing that leave to amend should be denied because plaintiff's proposed amendment is "nothing more than an impermissible attempt to forum shop." Defs.' Mem. Opp. at 3.  Defendants state that plaintiff "seeks to voluntarily dismiss the federal claims she initially asserted in this action – while at the same time reserving her rights under federal statutes – for the impermissible purpose of seeking a presumably more favorable state court forum." Id. at 1. Defendants state they would be unduly prejudiced if the motions for leave to amend and to remand were granted, as they have expended considerable effort and expense to remove the action to federal court and have their motion to compel arbitration decided in this forum, and would be required to start the process over in state court.

Plaintiff's Reply appears to assert that she included the multiple federal claims in her original petition merely because the statutes were listed on the right to sue letters she received.  Plaintiff states she was in the process of trying to amend her petition in state court to "conform to Missouri State Statutes" and would have advised defendants of this or requested their agreement to such amendment, but defendants removed the case to federal court without a hearing.[1]  Id. at 3.  Plaintiff

---

[1]Plaintiff complains that there was no hearing in state court on defendants' notice of removal, which plaintiff incorrectly describes as a motion for change of venue.  Plaintiff's objection

denies acting in bad faith or forum shopping, and states with respect to her reservation of rights under federal statutes:

> that Plaintiff ONLY stated in a fraction [sic] in the event the state court should contend that the Plaintiff needs to move the case back to Federal after discovery and interrogatories so that Plaintiff does not lose time due to statute of limitation and/or tolling. Defendant(s) would then claim Plaintiff refused to state that claim. Plaintiffs amended Complaint does not state any Federal Claims or imply any claims in her amended complaint.

Pl.'s Reply at 5. This explanation is less than clear, but the Court does take from it plaintiff's clear representation that the amended complaint does not assert and is not intended to assert any federal claims. In considering the motion for leave to amend, the Court specifically relies on plaintiff's representation that her amended complaint does not and is not intended to assert any federal claims.[2] As such, the Court construes the proposed amended complaint's two brief references to unspecified federal statutes as mere surplusage.

**Discussion**

As an initial matter, the Court notes that plaintiff's Reply incorrectly states that the Court granted her leave to amend her complaint on February 23, 2016. See Pl.'s Reply at 4, 6, 8. The Order of February 23, 2016 (Doc. 13) did not grant plaintiff's motion for leave to amend her

---

concerning the lack of a hearing in state court has no merit. Under the procedures established by federal removal statutes, "Once a copy of the notice of removal is filed with the clerk of the state court in which the action is pending, the state court is divested of jurisdiction. The state court must stop all proceedings unless and until the case is remanded. Any state court action after the filing of the removal notice is void ab initio[.]" 16 James Wm. Moore, et al., Moore's Federal Practice § 107.31[2] (3d ed. 2014).

[2]"Judicial estoppel generally prevents a party from making a claim at one phase of a case or in an earlier proceeding and then making an inconsistent, incompatible, or contrary claim during a later phase or proceeding 'according to the exigencies of the moment.'" Life Investors Ins. Co. of Am. v. Corrado, 804 F.3d 908, 914 (8th Cir. 2015) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)).

complaint. The Order granted defendants' motion for an extension of time to respond to plaintiff's motions, including the motion for leave to amend her complaint. On the Court's own motion, the Order also granted plaintiff leave of Court to file her Response and Objection to Defendants' Motion to Compel Arbitration out of time. Doc. 13 at 2.

    A.  <u>Plaintiff's Motion for Leave to Amend her Complaint</u>

The Court now considers plaintiff's motion for leave to amend her complaint. Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Rule 15(a) provides in pertinent part:

> **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or
> >
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed. R. Civ. P.

The first question is whether plaintiff may file her amended complaint as a matter of course under Rule 15(a)(1). Neither party appears to have considered this issue. The Court concludes that plaintiff does not have the right to amend as a matter of course. The Notice of Removal and the Return of Service attached thereto show defendants were served with the petition on December 29, 2015. The date of service is the starting point for the twenty-one day period allowed by Rule 15(a)(1)(A). Plaintiff's right to amend as a matter of course under Rule 15(a)(1)(A) therefore

5

expired twenty-one days after December 29, 2015, but her motion for leave to amend was not filed until February 17, 2016 and is therefore untimely under Rule 15(a)(1)(A).

Because the petition is a "pleading . . . to which a responsive pleading is required," plaintiff would have the right to amend as a matter of course within twenty-one days after service of (1) a responsive pleading, or (2) a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Rule 15(a)(1)(B). Here, defendants filed a motion to compel arbitration in response to the petition. A motion to compel arbitration is not a "responsive pleading" within the meaning of Rule 15(a)(1)(B), as pleadings are limited to those identified in Rule 7(a) and do not include motions. See 3 James Wm. Moore, et al., Moore's Federal Practice § 15.12[2] (3d ed. 2014). The motion to compel arbitration is also not a motion under Rule 12(b), (e), or (f). See id. Plaintiff therefore does not have a right to amend as a matter of course under Rule 15(a)(1)(B).

As a result, plaintiff can amend her complaint only by consent or by leave of Court, which is to be freely given "when justice so requires." Rule 15(a)(2). Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court does not find plaintiff's assertion credible that she intended to amend her complaint while still in state court to delete all references to federal statutes. Nonetheless, the Court is mindful that plaintiff is the master of her own claim, see Bell v. Hershey Co., 557 F.3d 953, 956

(8th Cir. 2009), and does not find that the motion for leave to amend is made in bad faith. It is not necessarily bad faith for a plaintiff to attempt "to maintain the advantage in forum selection within the bounds of legal doctrine and the facts." 16 James Wm. Moore, et al., Moore's Federal Practice § 107.14[3][b][ii] (3d ed. 2014). The motion to amend was not filed with undue delay as it was filed less than thirty days after removal, and although a significant period of time has passed since that time no case management order is in place, no discovery has occurred, and no dispositive motions have been filed. The Court finds that defendants will not be significantly prejudiced or inconvenienced if leave to amend is granted, as their motion to compel arbitration is fully briefed and will remain pending for resolution either by this Court or the state court if the case is remanded. Finally, there is no assertion that the amendment would be futile.

For these reasons, the Court will grant plaintiff's motion for leave to file her amended complaint containing only state law claims.

B.  Plaintiff's Motion to Remand; Supplemental Jurisdiction

Plaintiff's motion to remand asks that the case be remanded to the state court, but plaintiff's arguments in support of remand primarily address the unrelated issue of change of venue pursuant to 28 U.S.C. § 1404(a). The motion to remand briefly states that plaintiff "erred in her filing of the Pro Se Complaint" and has requested leave to amend it. Mot. to Remand at 4 (Doc. 10).

Although plaintiff has been granted leave to file an amended complaint containing only state law claims, the Court has supplemental jurisdiction over those claims because they are "so related to claims in the action within [the federal court's] original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).[3] However, it is within the Court's discretionary

---

[3]There is no diversity jurisdiction over this matter. To invoke federal diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship

7

authority to decline to exercise supplemental jurisdiction over state law claims once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." Barstad v. Murray County, 420 F.3d 880, 888 (8th Cir. 2005) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Where all federal claims are dismissed, state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law, as a matter of comity. American Civil Liberties Union v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999). Further, while federal courts often address state and federal discrimination claims together, state claims that require a separate analysis, such as MHRA claims, "[i]n most cases, . . . are dismissed without prejudice to avoid needless decisions of state law." Wierman v. Casey's General Stores, 638 F.3d 984, 1003 (8th Cir. 2011) (quoted case omitted).

As stated above, this case has not progressed to the point where a case management order was issued, no discovery has taken place, and defendants' motion to compel arbitration is fully briefed and may be addressed by the state court immediately following remand. Having considered these factors, the Court concludes that the interests of justice do not require it to retain jurisdiction

---

among the parties. 28 U.S.C. § 1332(a). Complete diversity of citizenship does not exist, as plaintiff alleges that she and the three individual defendants are citizens of Missouri.

over plaintiff's state law claims.  The Court will therefore grant plaintiff's motion to remand this matter to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend her complaint is **GRANTED**.  [Doc. 11]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the amended complaint, which was submitted as an attachment to the motion for leave.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand is **GRANTED**, and this case will be remanded to the Circuit Court of St. Charles County, Missouri.  [Doc. 10]

**IT IS FURTHER ORDERED** that defendants' motion to compel arbitration remains pending for resolution by the state court following remand.  [Doc. 6]

An order of remand will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of July, 2016.